UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA
FLORENCE DIVISION

| | | |
|---|---|---|
| Derrick D.L. Brunson, | ) | Civil Action No.: 4:22-cv-00882-RBH |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | **ORDER** |
| | ) | |
| Belinda B. Timmons and | ) | |
| Alvin K. Worsley, | ) | |
| | ) | |
| Defendants. | ) | |
| _____ | ) | |

This matter is before the Court on Plaintiff Derrick D.L. Brunson's objections to the Report and Recommendation ("R & R") of United States Magistrate Judge Kaymani D. West, who recommends summarily dismissing Plaintiff's amended complaint.[1]  *See* ECF Nos. 21 & 25.

### **Standard of Review**

The Magistrate Judge makes only a recommendation to the Court.  The Magistrate Judge's recommendation has no presumptive weight, and the responsibility to make a final determination remains with the Court.  *Mathews v. Weber*, 423 U.S. 261, 270–71 (1976).  The Court must conduct a de novo review of those portions of the R & R to which specific objections are made, and it may accept, reject, or modify, in whole or in part, the recommendation of the Magistrate Judge or recommit the matter with instructions.  28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b).

The Court must engage in a de novo review of every portion of the Magistrate Judge's report

---

[1] The Magistrate Judge reviewed Plaintiff's complaint pursuant to 28 U.S.C. § 1915 and issued the R & R in accordance with 28 U.S.C. § 636(b) and Local Civil Rule 73.02(B)(2) (D.S.C.).  The Court is mindful of its duty to liberally construe Plaintiff's pro se filings.  *See Erickson v. Pardus*, 551 U.S. 89, 94 (2007) (recognizing "[a] document filed *pro se* is to be liberally construed" (internal quotation marks omitted)).  *But see United States v. Wilson*, 699 F.3d 789, 797 (4th Cir. 2012) ("Although courts must liberally construe the claims of pro se litigants, the special judicial solicitude with which a district court should view pro se filings does not transform the court into an advocate." (cleaned up)).

to which objections have been filed. *Id.* However, the Court need not conduct a de novo review when a party makes only "general and conclusory objections that do not direct the [C]ourt to a specific error in the [M]agistrate [Judge]'s proposed findings and recommendations." *Orpiano v. Johnson*, 687 F.2d 44, 47 (4th Cir. 1982). In the absence of specific objections to the R & R, the Court need only review for clear error, *Diamond v. Colonial Life & Acc. Ins. Co.*, 416 F.3d 310, 315 (4th Cir. 2005), and the Court need not give any explanation for adopting the Magistrate Judge's recommendation. *Camby v. Davis*, 718 F.2d 198, 199–200 (4th Cir. 1983).

## Discussion

Plaintiff, a state pretrial detainee, has filed an amended complaint pursuant to 42 U.S.C. § 1983 against Belinda B. Timmons (a state magistrate judge) and Alvin K. Worsley (an investigator for the Florence County Sheriff's Office) in their individual capacities, seeking damages arising from his allegedly unlawful arrest on a warrant for murder. ECF No. 14. Generally, Plaintiff alleges that Defendant Timmons issued an arrest warrant lacking probable cause and that Defendant Worsley made false statements and/or omissions in the warrant affidavit. The Magistrate Judge recommends summarily dismissing Plaintiff's amended complaint because (1) he fails to state a Fourth Amendment claim against Defendant Worsley and (2) Defendant Timmons is entitled to absolute judicial immunity. R & R at pp. 4–5. Plaintiff objects to the Magistrate Judge's recommendations. ECF No. 25.[2]

As for Plaintiff's objections concerning the Fourth Amendment claim, the Court notes the claim is properly classified as one for malicious prosecution—not "false arrest" (as incorrectly labeled by both Plaintiff and the Magistrate Judge). *See Smith v. Munday*, 848 F.3d 248, 257 (4th Cir. 2017) ("A claim for false arrest alleges that a *warrantless* arrest lacked probable cause; a claim for malicious prosecution

---

[2]     Plaintiff has also filed two letters, which the Court has read and considered. ECF Nos. 24 & 27.

alleges that an arrest *made pursuant to a warrant* lacked probable cause." (emphases added)); *Safar v. Tingle*, 859 F.3d 241, 246 (4th Cir. 2017) ("[A] claim for false arrest may be considered only when no arrest warrant has been obtained."); *see also Thompson v. Clark*, 142 S. Ct. 1332, 1337 (2022) ("[A] Fourth Amendment claim under § 1983 for malicious prosecution [is] sometimes referred to as a claim for unreasonable seizure pursuant to legal process."); *Wallace v. Kato*, 549 U.S. 384, 389 (2007) (explaining the plaintiff's claim was for false arrest because officers detained him "*without legal process*" and "did not have a warrant for his arrest").

To state a Fourth Amendment claim under § 1983 for malicious prosecution, Plaintiff must allege (1) the defendant seized him pursuant to legal process (e.g., a warrant) not supported by probable cause and (2) the criminal proceedings have terminated in his favor. *Smith*, 848 F.3d at 253; *see Thompson*, 142 S. Ct. at 1335 (explaining the favorable termination element requires a plaintiff to "show that the criminal prosecution ended without a conviction"). Plaintiff nowhere alleges the state criminal proceedings have ended. Rather, his filings—and public records[3]—indicate his murder charge remains pending. *See, e.g.*, ECF No. 14-1 at p. 3 (alleging he is a "pretrial detainee" that "hasn't been convicted"); ECF No. 25 at p. 8 (referring to "his pending charge"). The Court will dismiss Plaintiff's malicious prosecution claim against Defendant Worsley without prejudice.[4]

---

[3]     *See State v. Brunson*, Case No. 2021A2110200450, *docket available at* Florence County Twelfth Judicial Circuit Public Index, https://publicindex.sccourts.org/Florence/PublicIndex/PISearch.aspx (visited June 8, 2022). *See generally United States v. Garcia*, 855 F.3d 615, 621 (4th Cir. 2017) (recognizing courts "routinely take judicial notice of information contained on state and federal government websites"); *Colonial Penn Ins. Co. v. Coil*, 887 F.2d 1236, 1239 (4th Cir. 1989) (stating "federal courts may take judicial notice of proceedings in other courts of record").

[4]     *See, e.g.*, *Anderson v. Roop*, No. 7:19CV00155, 2019 WL 5964569, at *1 (W.D. Va. Nov. 13, 2019) (dismissing a malicious prosecution claim without prejudice because the plaintiff was still awaiting trial); *Scott v. Davis*, No. 4:17-cv-03036-RBH, 2018 WL 1663404, at *2 (D.S.C. Apr. 6, 2018) (summarily dismissing a pretrial detainee's malicious prosecution claim without prejudice); *McCormick v. Wright*, No. 2:10-cv-00033-RBH, 2010 WL 565303, at *3 (D.S.C. Feb. 17, 2010) (dismissing a malicious prosecution claim without prejudice as premature in light of "the State's pending criminal proceedings").

In his objections, Plaintiff discusses probable cause (particularly an autopsy report allegedly misrepresented

Finally, the Court agrees with the Magistrate Judge that Defendant Timmons is entitled to absolute judicial immunity for actions taken in her judicial capacity. *See Mireles v. Waco*, 502 U.S. 9, 11–12 (1991) (outlining judicial immunity); *Pressly v. Gregory*, 831 F.2d 514, 517 (4th Cir. 1987) ("As judicial officers, magistrates are entitled to absolute immunity for acts performed in their judicial capacity."). Although Plaintiff seems to contend Defendant Timmons "acted in the clear absence of all jurisdiction," ECF No. 25 at pp. 10, 12, her act of issuing an arrest warrant was a judicial function. *See Stump v. Sparkman*, 435 U.S. 349, 363 n.12 (1978) ("[I]t would not destroy a judge's immunity if it is alleged and offer of proof is made that in issuing a warrant [a judge] acted erroneously and without principle."); *King v. Myers*, 973 F.2d 354, 358 (4th Cir. 1992) ("Issuing process of arrest for one accused of a crime is a judicial function."); *Norfleet v. Renner*, 924 F.3d 317, 319 (6th Cir. 2019) (recognizing judicial immunity protects judges "who issue arrest warrants"); *see generally Hall v. State*, 768 S.E.2d 401, 402 (S.C. 2015) (recognizing magistrates issue arrest warrants). The Court will dismiss Defendant Timmons with prejudice.

### Conclusion

The Court **ADOPTS AS MODIFIED** the Magistrate Judge's R & R [ECF No. 21], **DISMISSES** Plaintiff's malicious prosecution claim against Defendant Worsley *without prejudice*, and **DISMISSES** Defendant Timmons *with prejudice*. The Court **DIRECTS** the Clerk to enter judgment and close this case.

**IT IS SO ORDERED.**

---

in Defendant Worsley's affidavit) and challenges the applicability of *Heck v. Humphrey*, 512 U.S. 477 (1994). ECF No. 25 at pp. 1–10, 14–16; ECF No. 24 at pp. 1–2; ECF No. 27 at pp. 1–3. The Court need not address probable cause given Plaintiff's failure to satisfy the favorable termination requirement; and while the *Heck* bar is inapplicable since he has not been convicted, he does not allege the prosecution has ended.

4

Florence, South Carolina       s/ R. Bryan Harwell
June 15, 2022       R. Bryan Harwell
     Chief United States District Judge